IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| PIERRE RAMON TRIPP, | : |
| Plaintiff. | : |
| VS. | : |
| Warden MARTY ALLEN, *et al.*, | : NO. 7:13-CV-166 (HL) |
| Defendants. | : |
| | : **O R D E R** |

Plaintiff **PIERRE RAMON TRIPP**, an inmate at Valdosta State Prison ("VSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He has also submitted a motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff alleges that was groped in his genital area by Defendant Officers Daniels and Jewels on August 1, 2013, and was "assaulted again" by Officer Daniels on October 8, 2013. After Plaintiff reported the abuse, he allegedly suffered retaliation at the hands of "administration and staff," apparently including Defendants Warden Marty Allen and Unit Manager Terrell. Among the instances of retaliation alleged by Plaintiff are that he received false disciplinary reports and discipline such as placement in the hole and in "Tier 11," and denial of privileges afforded to other inmates.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

1

>States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed several lawsuits in the Middle District of Georgia, and two of those complaints and an appeal have been dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1] As Plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).

Although Plaintiff's assaults may state a valid claim, it is not clear that they constituted "serious physical injury." More importantly, Plaintiff makes no allegation that Officers Daniels and Jewels remained threats when Plaintiff filed this lawsuit on December 23, 2013. As noted above, the imminent danger standard requires that Plaintiff be under a present, not a past, danger. Neither the prior assaults nor any other facts alleged by Plaintiff support his being in "imminent danger of serious physical injury" when he filed this lawsuit.

---

[1] *See Tripp v. Houston Co. Detention Facility*, 5:13-cv-63 (MTT) (M.D. Ga. Feb. 25, 2013) (complaint); *Tripp v. Houston Co. Detention Facility*, 5:11-cv-191 (MTT) (M.D. Ga. June 3, 2011) (complaint); and *Tripp v. Houston Co. Detention Facility*, No. 10-11376 (11th Cir. Aug. 13, 2010) (appeal).

Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.2   If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $400.00 filing fee.   As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

An independent reason for dismissing Plaintiff's case is his failure truthfully to complete this Court's complaint form.   Item (I)(C) of the form asks whether any lawsuit in which Plaintiff was allowed to proceed *in forma pauperis* was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim.   In response to such question, Plaintiff checked "no" and wrote "N/A" in the subsequent item seeking specific information about any such dismissals.

Because Plaintiff knowingly provided false information to this Court, his complaint is properly subject to dismissal for "abuse of the judicial process."   ***See Redmon v. Lake County Sheriff's Office***, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* section 1983 action); ***see also, e.g., Hood v. Tompkins***, 197 F. App'x 818, 819 (11th Cir. 2006) (holding that dismissal as sanction for providing false information on complaint form concerning prior filing history was not an abuse of discretion); ***Shelton v. Rohrs***, 406 F. App'x 340, 341 (11th Cir. 2010) (same); ***Young v. Secretary Fla. for Dept. of Corr.***, 380 F. App'x 939 (11th Cir. 2010)

---

2   Accompanying Plaintiff's complaint is a "Motion for Temporary Restraining Order," in which he complains about denial of access to a law library and legal materials and the Warden and staff reading certain of Plaintiff's legal materials (Doc. 3).   These allegations clearly do not support Plaintiff's being under "imminent danger of serious physical injury."

(same); *Copeland v. Morales*, 2011 WL 7097642, * 4 (S.D. Ga. Dec. 19, 2011) (dismissing action for providing false information about prior filing history).

**SO ORDERED**, this 6th day of January, 2014.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr